# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

|  |  |
|---|---|
| MICHAEL SCOBEE AND LINDA SCOBEE, | )<br>)<br>) |
| Plaintiffs, | ) No. 4:22-CV-488 JAR<br>) |
| v. | )<br>) |
| USAA CASUALTY INSURANCE COMPANY, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Stay (ECF No. 40). This Motion is fully briefed and ready for disposition. For the reasons stated herein, the Court denies Defendant's Motion to Stay.

## BACKGROUND[1]

On April 4, 2015, Michael Scobee, a resident of Missouri, was riding his motorcycle when he was struck by an automobile driven by William C. Norris, who was a resident of Kentucky at the time of the collision. At the time of the accident, Mr. Norris was insured under an automobile policy issued by USAA in Kentucky.

Michael Scobee and his wife Linda Scobee sued Mr. Norris in the Western District of Kentucky, which was later refiled in the Circuit Court of St. Louis County, Missouri. Mr. Norris died on September 16, 2018, and Mr. Norris's wife Lauren Norris was substituted as defendant ad litem. USAA was never a party to the Missouri action.

---

[1] The background of this dispute has been previously documented by the Court. *See USAA Cas. Ins. v. Scobee*, No. 4:21-CV-00779 JCH, 2022 WL 3576172, at *1-2 (E.D. Mo. Aug. 19, 2022).

On September 27, 2019, a jury returned a verdict of $6,500,000.00 for Michael Scobee and $500,000.00 for Linda Scobee. Following trial, USAA sent a letter to the Scobees stating that it was "offering payment of the $100,000.00 policy limits as full satisfaction of the judgment," asserting that $100,000.00 was all it needed to pay "due to the nature of the obligations of a defendant ad litem under Missouri law."

On June 28, 2021, USAA filed *USAA Cas. Ins. v. Scobee*, No. 4:21-CV-00779 JCH, 2022 WL 3576172, at *1-2 (E.D. Mo), seeking declarations from the Court on two counts: (i) that the Scobees's recovery is limited under Mo. Rev. Stat. § 537.021 to the proceeds available under the Policy, which contains a limit of liability of $100,000.00, and (ii) that there is no possibility of recovery by the Scobees in excess of the stated Policy limits, including by a claim for bad faith. USAA asserted that under Missouri law, a third party may not pursue a direct action for bad faith failure to settle against an insurer absent an assignment from the insured, and no insured under the Policy ever assigned a bad faith claim to the Scobees. USAA additionally argued that under Missouri law, a defendant ad litem may not assert claims that belong to Mr. Norris's estate, and Lauren Norris has no claim for bad faith that could be assigned to the Scobees.

Approximately three months after USAA filed a declaratory action, on October 6, 2021, the Scobees filed a lawsuit in the Circuit Court of Franklin County, Kentucky, alleging that USAA (1) had violated Kentucky's Unfair Claims Settlement Practices Act ("KUCSPA") by failing to settle the underlying lawsuit between the Scobees and Norrises and (2) for bad faith. On or around November 1, 2022, USAA removed this action to the United States District Court, Eastern District of Kentucky.  (ECF No. 1).   On May 2, 2022, the United States District Court, Eastern District of Kentucky granted USAA's Motion to Transfer Venue to the United States

District Court, Eastern District of Missouri.  (ECF No. 25).  On November 7, 2022, USAA filed a Motion for Judgment on the Pleadings (ECF No. 38) and a Motion to Stay (ECF No. 40).

## STANDARD OF REVIEW

"A district court has inherent power to stay its proceedings." *Simmons v. GlaxoSmithKline, LLC*, No. 4:15CV1397 CDP, 2015 WL 6063926, at *1 (E.D. Mo. Oct. 14, 2015) (citation omitted). "In determining whether to stay proceedings, a district court must exercise judgment by weighing 'competing interests' and maintaining 'an even balance.'" *Id.* (quoting *Bledsoe v. Janssen Pharm.*, No. 4:05CV02330 ERW, 2006 WL 335450, at *1 (E.D. Mo. Feb. 13, 2006)).  When "considering a motion to stay, a Court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties." *Lafoy v. Volkswagen Grp. of Am., Inc.*, No. 4:16CV00466, 2016 WL 2733161, at *2 (E.D. Mo. May 11, 2016) (citation omitted).

## DISCUSSION

USAA moves the Court for an order staying discovery and all deadlines in this case pending the outcome of *USAA Casualty Insurance Company v. Michael Scobee and Linda Scobee*, Case No. 4:21-cv-779-JAR (E.D. Mo.).  USAA claims that a stay is necessary to resolve coverage issues that impact the Scobees's KUCSPA and bad faith claims.

In response, the Scobees argue that "there is no coverage dispute in [their] bad faith action" because: (1) USAA "has never disputed that its policy of insurance provided liability coverage to William C. Norris for the subject incident" in the Declaratory Judgment Lawsuit, 4:21-cv-779; and (2) under Kentucky law, specifically KUCSPA, the Scobees "may bring a third party bad faith action directly against" USAA "without the need for any assignment whatsoever."  (ECF No. 43 at 1-2).

The Court agrees that coverage issues remain as to USAA's liability to the Scobees and it recently denied the Scobees's motion to dismiss USAA's declaratory judgment action. *See USAA Cas. Ins. v. Scobee*, No. 4:21-CV-00779 JCH, 2022 WL 3576172, at *3 (E.D. Mo. Aug. 19, 2022) ("the extent to which the Scobees may recover … remains an open question"); *see also USAA Cas. Ins. v. Scobee*, No. 4:21-CV-00779 JAR (E.D. Mo. Feb. 14, 2023) ("Although the Scobees argue that there 'are no coverage issues,' the parties have not stipulated or agreed as to the amount of USAA's coverage for or obligations to the Scobees with regards to the Underlying Lawsuit."). Nevertheless, the Court will deny USAA's request for a stay because the allegations in USAA's declaratory judgment action are broad enough to potentially encompass the allegations in the Scobees's bad faith claims. *See, e.g., USAA Cas. Ins. v. Scobee*, No. 4:21-CV-00779 JCH, 2022 WL 3576172, at *1 (E.D. Mo. Aug. 19, 2022) (USAA's declaratory judgment action seeks a declaration that "there is no possibility of recovery by Defendants in excess of the stated Policy limits, including by a claim for bad faith"); *cf. Scobee v. USAA Cas. Ins.*, No. 4:22-cv-488-JAR, Petition, ECF No. 27, ¶ 49 ("USAA lacked a good faith or reasonable basis for attempting to claim a $100,000 payment as payment in full of the judgment."). The Court finds that discovery regarding the parties' respective bad faith allegations will likely overlap, making a stay untenable and unproductive. Therefore, at this stage of the litigation, the Court finds that a stay is not warranted based upon their common bad faith pleadings, which will necessitate similar, derivative discovery. The Court denies Defendant's Motion to Stay.

- 5 -

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay (ECF No. 40) is **DENIED**.

Dated this 15th day of February, 2023.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**