UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SCOBEE and LINDA SCOBEE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:22-CV-488-JAR |
| ) | |
| USAA CASUALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings (ECF No. 38), Plaintiffs' Motion to Compel Responses to Plaintiffs' First Request for Admission, Interrogatories, and Requests for Production and Supporting Memorandum (ECF No. 47), and Plaintiffs' Motion to Compel Responses to Plaintiffs' Second Request for Production and Supporting Memorandum (ECF No. 71). Defendant USAA Casualty Insurance Company ("USAA") opposes these Motions. This matter is fully briefed and ready for disposition. For the reasons stated herein, Defendant USAA's Motion for Judgment on the Pleadings, Plaintiffs' Motion to Compel Responses to Plaintiffs' First Request for Admission, Interrogatories, and Requests for Production and Supporting Memorandum (ECF No. 47), and Plaintiffs' Motion to Compel Responses to Plaintiffs' Second Request for Production and Supporting Memorandum (ECF No. 71) are denied, in part, and granted, in part.

**BACKGROUND**

As this Court previously detailed in several orders, this case involves an insurance coverage dispute. On April 4, 2015, William Norris' automobile struck Michael Scobee, who was riding a motorcycle. At the time of the accident, the Norrises were insured under

– 1 –

automobile policy no. 01186 32 37C 7102 1, issued by USAA (the "Policy").  On September 18, 2015, the Scobees sent USAA a settlement demand, outlining that they had incurred $736,855.36 in medical expenses and that their damages would continue to increase.  (ECF No. 27, ¶ 15).  USAA denied liability and did not settle the claim.

The Scobees sued the Norrises in the United States District Court for the Western District of Kentucky, Louisville Division.  (ECF No. 27, ¶ 25).  The Scobees voluntarily dismissed the Kentucky case and refiled their lawsuit in the Circuit Court of St. Louis County, Missouri, where the Norrises had subsequently moved.  Before trial, Mr. Norris passed away.  Mr. Norris's wife, Lauren Norris, was appointed as defendant ad litem for purposes of the lawsuit.

On September 27, 2019, a jury returned a verdict against defendant ad litem Ms. Norris in the amount of $7 million.

Plaintiffs' complaint asserts two counts for bad faith under Kentucky law arising out of USAA's alleged failure to settle an underlying action against USAA's insured, William Norris, in the Circuit Court of St. Louis County, State of Missouri (the "Underlying Action"). Count One asserts a claim for statutory bad faith under the Kentucky Unfair Claims Settlement Practices Act ("UCSPA").  Count Two assets that USAA breached Kentucky's common law duty of good faith and fair dealing.

    **I.**    **USAA's Motion for Judgment on the Pleadings**

        **A. Standard of Review**[1]

For a motion for judgment on the pleadings, the movant has the burden of "clearly establish[ing] that there are no material issues of fact and that it is entitled to judgment as a matter of law." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).  The

---

[1] For purposes of this 12(c) motion, the parties assume that Kentucky substantive law applies. The Court likewise applies Kentucky law.

Court views "all facts pleaded by [the plaintiff] as true and grant her all reasonable inferences." *Levitt v. Merck & Co., Inc.*, 914 F.3d 1169, 1171 (8th Cir. 2019) (citing *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009)).  "When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed.R.Civ.P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider "some materials that are part of the public record or do not contradict the complaint," *Missouri ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir.), *cert. denied,* 527 U.S. 1039 (1999), as well as materials that are "necessarily embraced by the pleadings." *Porous Media Corp.,* 186 F.3d at 1079 ( (citing *Piper Jaffray Cos. v. National Union Fire Ins. Co.,* 967 F.Supp. 1148, 1152 (D. Minn.1997)).

### B. Count One for Violation of Kentucky's Unfair Claims Settlement Practice Act ("UCSPA"), pursuant to KRS 304.12-230

To bring a claim under Kentucky's Unfair Claims Settlement Practice Act ("UCSPA"),pursuant to KRS 304.12-230, the following must be alleged:

> (1) [T]he insurer must be obligated to pay the claim under the terms of the policy;
> (2) the insurer must lack a reasonable basis in law or fact for denying the claim;
> and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000).

USAA claims that the Scobees "do not plead facts that set forth any 'intentional misconduct' to support" USAA's "alleged bad faith, nor do they allege facts to show that" USAA "acted outrageously or with an evil motive."  (ECF No. 39 at 7).  Instead, USAA contends that the Scobees "rely exclusively on a formulaic recitation of the elements of UCSPA." (*Id.*)

In response, the Scobees assert that their allegations of bad faith are adequately supported in their pleadings.  The Scobees reference Linda Scobee's observations as "she was following

behind Michael, and witnessed Norris narrowly cut in between Linda's vehicle and Michael's motorcycle while Norris was driving negligently and aggressively." (ECF No. 27, ¶ 11). The Scobees also allege that the investigating officer noted "damage to the left front corner and entire driver's side of the vehicle Norris was operating" and that the crash was "under investigation." (*Id.*, ¶ 12). Michael Scobee executed an affidavit on July 29, 2015, stating that he was struck by a silver car driven by Norris, which caused him to lose control of his motorcycle. (*Id.*, ¶ 23). Conversely, William Norris admitted at his deposition that that he was "untruthful" in his post-accident statement to the investigating officer that he "honestly" did not know how the damage occurred to his vehicle. (*Id.*, ¶¶ 14, 15). The Scobees allege that USAA never investigated Michael Scobee's motorcycle and did not inspect William Norris's vehicle until October 27, 2015. On September 18, 2015, USAA was provided with Michael Scobee's medical bills and records, as a settlement demand; USAA then denied all liability in response to the Scobees' September 18, 2015 settlement demand letter and did not make an settlement offer throughout the Underlying Action. (*Id.*, ¶¶ 18, 29). The Scobees further argue that it was bad faith for USAA to argue for a $100,000 satisfaction of judgment during post-trial and appellate motions because of the nature of Lauren Norris as a defendant ad litem under Missouri law. (*Id.*, ¶ 33).

The Court finds that the Scobees have alleged facts in support of their UCSPA claim. The Scobees have alleged that the USAA was obligated as the Norrises' insured to pay the Policy. The Scobees have presented evidence that USAA was aware that William Norris was responsible for the motor vehicle collision and the injuries to Michael Scobee, but did not attempt to settle the case, even during the trial. The Court holds that, under the deferential motion for judgment on the pleadings standard, the Scobees have sufficiently alleged that USAA acted with either no reasonable basis or reckless disregard for such a basis by not attempting to

settle this claim despite the evidence in support of the Norrises' liability. Therefore, the Court denies the Motion for Judgment on the Pleadings as to Count One.

### C. Count Two for Kentucky's common law duty of good faith and fair dealing

USAA maintains that the Scobees' third-party common law bad faith claim in Count Two fails as a matter of law because the Complaint does not allege that the Norrises, the insureds under the Policy, ever assigned their rights to the Scobees. (ECF No. 39 at 8). USAA contends that the Scobees are not insured under the Policy, do not have a contractual relationship with USAA, and were not assigned the Norrises' rights under the Policy. (ECF No. 39 at 9). As a result, USAA contends that the Scobees cannot state a claim for bad faith under Kentucky law absent an assignment. (ECF No. 39 at 8-9 (citing *Rawe v. Liberty Mutual Fire Ins. Co.,* 462 F.3d 521, 531 (6th Cir.2006); *Adkins v. Shelter Mut. Ins. Co.*, No. CIV.A. 5:12-173-KKC, 2014 WL 4231230, at *3 (E.D. Ky. Aug. 26, 2014)).

In response, the Scobees argue that the motion for judgment on the pleadings is premature because there is not deadline for amendments to the pleadings at the present and an assignment of the Norrises' rights may be assigned to the Scobees yet still in this lawsuit. (ECF No. 42 at 19-20).

The Court holds that the Scobees' claim under Kentucky's common law duty of good faith and fair dealing fails as a matter of law because they have not alleged an assignment of rights under the policy. See *Rawe,* 462 F.3d at 531 ("It is settled law in Kentucky that insurers do not have any common-law duty of good faith to third-party claimants." (citing *Manchester Ins. & Indem. Co. v. Grundy,* 531 S.W.2d 493, 498 (Ky.1975) ("There is no privity of contract between the insurer and the claimant, so the insurer is never guilty of 'bad faith' to the claimant. The claimant can look only to the insured for satisfaction of the judgment unless the insured

makes an assignment to the claimant.")); *Torres v. One Beacon Ins. Co.,* No. 04–191–KSF, 2004 WL 55665597 at *8, n. 7 (E.D.Ky. September 24, 2004) ("Thus, it is clear that, in order to have a cause of action for common law bad faith under Kentucky law, a third-party claim must have an assignment of rights to pursue that claim."). The absence of an allegation of assignment to the Scobees mandates dismissal of their claim under Kentucky's common law duty of good faith and fair dealing. *Adkins v. Shelter Mut. Ins. Co.*, No. CIV.A. 5:12-173-KKC, 2014 WL 4231230, at *4 (E.D. Ky. Aug. 26, 2014) (granting a motion to dismiss a claim under Kentucky's common law duty of good faith and fair dealing even though the plaintiff argued "additional briefing on this issue outside of the abbreviated Rule 12(b)(6) context" was warranted). The Scobees do not dispute the status of Kentucky law but only speculate that an assignment may occur. The Court finds such conjecture to be unpersuasive, particularly since the pleadings are closed. *See Warren v. Metro Transit*, No. 4:20-CV-00781 SRC, 2021 WL 124312, at *1 (E.D. Mo. Jan. 13, 2021) (citing *Spagna v. Tiff*, No. 8:19-CV-481, 2020 WL 7075523, at *2 (D. Neb. Dec. 3, 2020) ("Under Rule 12(c), the pleadings are closed once a complaint and answer have been filed, assuming ... that no counterclaim or cross-claim has been made."). Therefore, the Court grants USAA's Motion for Judgment on the Pleadings as to Count Two, without prejudice.[2]

> II. **Plaintiffs' Motion to Compel Responses to Plaintiffs' First Request for Admission, Interrogatories, and Requests for Production and Supporting Memorandum (ECF No. 47) and Plaintiffs' Motion to Compel Responses to Plaintiffs' Second Request for Production and Supporting Memorandum (ECF No. 71)**

The Scobees served their First Requests for Admission, Interrogatories, and Requests for Production of Documents on counsel for USAA CIC ("USAA") on November 15, 2022. USAA served its responses on December 15, 2022. *See* ECF No. 47-1. The Scobees filed the Motion to

---

[2] The Court's dismissal of Count Two is without prejudice and subject to change if circumstances would allow the Court to consider an amendment of pleadings.

Compel Responses to Plaintiffs' First Request for Admission, Interrogatories, and Requests for Production and Supporting Memorandum on January 10, 2023. (ECF No. 47). On January 26, 2023, the Scobees served their Second Requests for Production, which USAA responded to on February 27, 2023. The Scobees filed their Motion to Compel Responses to Plaintiffs' Second Requests for Production and Supporting Memorandum on April 25, 2013. (ECF No. 71).

### A. Interrogatories and Request for Production

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). However, "[t]he District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.,* 160 F.3d 428, 431 (8th Cir. 1998) (citation omitted).

In their first Motion to Compel, the Scobees note that USAA did not provide "a single document or response (other than objections) to Plaintiffs' eighteen interrogatories and twenty-five requests for production of documents." (ECF No. 47 at 3). USAA objected to every Interrogatory, stating that such information was premature in light of the pending Motion to Stay and Motion for Judgment on the Pleadings, unduly burdensome, overly broad, and similar objections.

Thereafter, the Court denied USAA's Motion to Stay and told USAA that it could not stand on boilerplate objections. During several conferences with the Court, the parties repeatedly failed to resolve their discovery disputes. Each time, the Court provided direction and

ordered the parties to revisit their discovery dispute. The parties then provided status reports, which did little to advance the litigation. (ECF Nos. 55, 63, 68). The parties remain at an impasse. In fact, the parties are unable to even limit the scope of their dispute in manner that would allow for productive resolution of the pending Motions to Compel. Instead, as noted by the Scobees, "most of the issues still remain despite several meet and confer conversations, several emails, and several hours of review." (ECF No. 68).

The discovery dispute in this case has been particularly contentious. The Court refused to stay this action based upon USAA's pending declaratory judgment action, 4:21cv779-JAR,3 yet USAA continues to obstruct and prevent any meaningful discovery. The Court believes that USAA is engaging in gamesmanship by refusing to provide basic information related to the Scobees' bad faith claim. For example, USAA has taken the position that it cannot produce the Norrises' claim file. *See* ECF No. 63 at 15-16. USAA's production of the 300-page demand package 28 times does not alleviate its responsibility to produce discovery that relates to the Scobees' claims that this was a Policy under Kentucky law and that USAA acted in bad faith. *See* ECF No. 68 at 2, n.1.

As indicated, the Court finds no legitimate reason for USAA's inadequate production. Indeed, USAA holds steady to its position that the Scobees are entitled to no "further response than the one USAA CIC has now made by providing the claim file, privilege log, and supplemented interrogatory responses." (ECF No. 68 at 9). Thus, the Court finds that USAA has failed to satisfy its discovery obligations, even after being admonished by the Court. If this

---

3 As it relates to that lawsuit (4:21cv779-JAR), the Court notes that the timing of the stipulation and dismissal of Defendant Lauren Norris is concerning. Prior to her dismissal, the Scobees had recently filed discovery requests directed to Ms. Norris, which would have required her to produce information and documents relevant to the Scobees' bad faith claim. Ms. Norris's sudden dismissal creates the appearance of collusion and provides further support for this Court to allow discovery regarding communications between USAA and the Norrises.

continues, the Court will consider USAA to have waived all of its privilege objections and order it to produce its complete correspondence file with the Norrises.

Given the foregoing and the intransient nature of the parties' positions, the Court is considering the appointment of a special master, who would be paid by the parties proportionally to whichever party is deemed at fault for the dispute.  Presently, the Court is granting the Scobees' Motion to Compel production of documents and interrogatories, subject to the following limitation.  The Court agrees that many of the Scobees' requests are overly broad as to time.  The Court, therefore, will limit the timeframe of the discovery from January 1, 2013 to October 10, 2020.  The Court finds this to be reasonable, given that the accident occurred on April 4, 2015 and a Judgment in the Underlying Litigation was entered on October 10, 2019.

The Court further orders USAA to produce all of its communications with its insureds, subject to any claim of privilege.  USAA must produce a privilege log for any communication with its insured that it does not produce.  USAA shall provide those documents for which it is claiming privilege to this Court for an in camera inspection.  USAA shall supplement its discovery responses to interrogatories and document production to the Scobees and provide any privilege log and document to the Court no later than **October 3, 2023**.

    **B. First Request for Admission ("RFA")**

Under Fed. R. Civ. P. 36(a)(1), "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a

party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4).

"The quintessential function of Requests for Admissions is to allow for the narrowing of issues, to permit facilitation in presenting cases to the factfinder and, at a minimum, to provide notification as to those facts, or opinions, that remain in dispute." *Lakehead Pipe Line Co. v. Am. Home Assur. Co.*, 177 F.R.D. 454, 457–58 (D. Minn. 1997). "The purpose of a request for admissions generally is not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof." *Titus v. Stanton Cnty., Neb.*, No. 8:12CV261, 2013 WL 4546566, at *3 (D. Neb. Aug. 27, 2013) (quoting *Layne Christensen Co. v. Purolite Co.,* No. 09–2381, 2011 WL 381611, at *4 (D. Kan. Jan. 25, 2011)). Of course, requests for admission are not to be employed as a means "to establish facts which are obviously in dispute or to answer questions of law." *Kosta v. Connolly,* 709 F.Supp. 592, 594 (E.D. Pa. 1989) (citing *Driver v. Gindy Manufacturing Corp.,* 24 F.R.D. 473, 475 (E.D. Pa. 1959). "Accordingly, a request for admission which involves a pure matter of law, that is, requests for admissions of law which are related to the facts of the case, are considered to be inappropriate." *Lakehead Pipe Line Co.*, 177 F.R.D. at 458 (citing *Reliance Ins. Co. v. Marathon LeTourneau Co.,* 152 F.R.D. 524, 525 (S.D. W.Va. 1994); *Kosta v. Connolly,* supra at 594; *English v.. Cowell,* 117 F.R.D. 132, 135 (C.D. Ill. 1986); *Equal Employment Opportunity Commission v. Otto,* 75 F.R.D. 624, 627 (D. Md. 1976)).

The Requests for Admissions present another challenge to the Court. In almost every instance, the Requests involve compound statements or legal conclusions, which are beyond their intended purpose under the Rules. Further, USAA's responses almost invariably include frivolous and boilerplate objections. Unable to resolve this dispute as it is currently framed, the Court orders the Scobees to provide revised, non-compound Requests for Admissions to USAA no later than **October 3, 2023**. USAA shall provide non-qualified answers or denials no later than **October 12, 2023**.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings (ECF No. 38) is **GRANTED**, in part, and **DENIED**, in part, as discussed herein.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Responses to Plaintiffs' First Request for Admission, Interrogatories, and Requests for Production and Supporting Memorandum (ECF No. 47) and Plaintiffs' Motion to Compel Responses to Plaintiffs' Second Request for Production and Supporting Memorandum (ECF No. 71) are **GRANTED**, in part, and **DENIED**, in part, as set forth herein. USAA shall supplement its discovery responses to interrogatories and document production to the Scobees and provide any privilege log and document to the Court no later than **October 3, 2023**. The Scobees shall provide revised, non-compound Requests for Admissions to USAA no later than **October 3, 2023**. USAA shall provide non-qualified answers or denials no later than **October 12, 2023**.

Dated this 26th day of September, 2023.

JOHN A. ROSS  
UNITED STATES DISTRICT JUDGE