UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SCOBEE and LINDA SCOBEE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:22-CV-488-JAR |
| ) | |
| USAA CASUALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant USAA Casualty Insurance Company's ("USAA") Motion for Reconsideration of the Court's Order on Plaintiffs' Motions to Compel. (ECF No. 83). This matter is fully briefed and ready for disposition. After the filing of Plaintiffs' Surresponse to Defendant's Motion for Reconsideration of the Court's Order on Plaintiffs' Motion to Compel (ECF No. 88), USAA filed a Motion for in Person Hearing (ECF No. 91), which Plaintiffs oppose (ECF No. 92). After reviewing the parties' submissions, the Court will deny the Motion for Reconsideration and grant the Motion for in Person Hearing, but only to allow the Court to determine USAA's compliance with this ruling and to ensure compliance with other deadlines.

## STANDARD OF REVIEW

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotation omitted). "A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the

relevant motion was pending." *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015). "The Court's decision on a motion for reconsideration rests within its discretion." *Metzler v. Dep't of Agric.*, No. 22-CV-263 (NEB/DTS), 2022 WL 20356839, at *1 (D. Minn. May 26, 2022) (citing *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988)).

## DISCUSSION

In its Motion for Reconsideration, USAA claims that the Court improperly relied on Plaintiffs' misstatements, made incorrect factual errors regarding USAA's responses to discovery, and overstepped the scope of discovery under the Federal Rules of Civil Procedure. (ECF No. 83).

The Court has previously addressed the parties' ongoing discovery disputes in numerous prior orders. (ECF Nos. 54, 56, 65, 81). In its most recent Memorandum and Order (ECF No. 81), the Court found that USAA had not been forthcoming with its discovery responses and failed to comply with the Court's Orders and its obligations under the Federal Rules. Nothing in USAA's Motion for Reconsideration and Reply changes the Court's position. The Court concludes that USAA's motion for reconsideration "simpl[y] reargue[s] ... the merits" and fails to present any new evidence. USAA continues to stand on its objections, answering and responding to discovery requests under its interpretations, rather than providing the information sought. After the parties failed to do so, the Court properly and appropriately tailored the time frame and scope of the discovery requests to the facts and circumstances of this case, including the protracted litigation that followed. Therefore, the Court denies the motion for reconsideration. *See Williams v. LG Chem, Ltd.*, No. 4:21-CV-00966-SRC, 2022 WL 1502380, at *2 (E.D. Mo. May 12, 2022) (quoting *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999)).

The Court again orders USAA to supplement its discovery responses. USAA shall provide clear and unambiguous answers to interrogatories, including (but not limited to) dates and names of people with information. USAA shall also supplement its responses to Plaintiffs' Requests for Production of Documents and specifically identify the documents produced in response to each request for production.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant USAA Casualty Insurance Company's Motion for Reconsideration of the Court's Order on Plaintiffs' Motions to Compel. (ECF No. 83) is **DENIED**.

**IT IS FURTHER ORDERED** that Motion for in Person Hearing (ECF No. 91) is **GRANTED**, in part. The parties shall appear in person for an attorneys' only status conference on **November 9, 2023 at 10:00 a.m.** in Courtroom 12N.

Dated this 27th day of October, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE