UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SCOBEE and LINDA SCOBEE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:22-CV-488-JAR |
| ) | |
| USAA CASUALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Quash (ECF No. 128) and Motion for Hearing (ECF No. 129), filed by Edward S. Cook, Cook p.c., and Holland Law Firm ("Plaintiffs' counsel"). The Court denies the Motion for Hearing (ECF No. 129), as the Court is well-versed on the facts in this case and the Motion to Quash is fully briefed. As discussed herein, the Court grants, in part, and denies, in part, the Motion to Quash (ECF No. 128).

## **STANDARD OF REVIEW**

Under the federal rules, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. In turn, Federal Rule

45(d)(3)(A) provides: "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that

> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden."

Fed. R. Civ. P. 45(d)(3)(A). "In short, the undue burden standard of Rule 45 calls for a balancing test that pits the relevance of and need for the testimony (on one side of the scale) against the burdens associated with supplying the testimony (on the other side of the scale)." *Arkansas State Conf. NAACP v. Arkansas Bd. of Apportionment*, No. 4:21-CV-01239-LPR, 2022 WL 300917, at *6 (E.D. Ark. Jan. 31, 2022).

## DISCUSSION

Counsel for USAA issued three different subpoenas to Plaintiffs' counsel to appear for depositions and to produce documents, including all documents regarding any offers of settlement of the Scobees' claims and all communications with third parties regarding the Scobees' claims against William Norris. (ECF No. 128-1, 128-2, 128-3). Specifically, in Item 2 of Exhibit A to the subpoenas, USAA requests all communications between Plaintiffs' counsel and several entities regarding the Scobees' claims against Norris. Those entities include: Kevin Johnson, Crash Consulting Services, LLC, Chris Bommarito, the Louisville Metropolitan Police Department, Ronald Fey, American Standard Insurance Company, EAN Holdings, LLC, Enterprise Holdings, and Insurance Auto Auctions. Plaintiffs' counsel seeks to quash the subpoenas in their entirety.

As to the offers of settlement, Plaintiffs' counsel argues that USAA's subpoenas seek "clearly privileged information." (ECF No. 128 at 3). Plaintiffs' counsel further notes that all of these documents should already be in the possession of USAA, if such documents exist.

Plaintiffs' counsel argues that these subpoenas are also unduly burdensome and harassing. Plaintiffs' counsel claims that the file and materials of Kevin Johnson, the Scobees' retained accident reconstruction expert in the Underlying Litigation, have already been produced twice. (ECF No. 128 at 4-5). The trial court already ruled that the file of Chris Bommarito, a not endorsed, non-testifying paint analyst in the Underlying Litigation, was not subject to discovery. Further, as to the 9 subparts of Item 2 of Exhibit A to the three subpoenas, Plaintiffs' counsel contends "in each instance the communications sought were either already produced, were part of a deposition, part of a prior subpoena production, or part of a pending subpoena production." (ECF No. 128 at 7). Plaintiffs' counsel claim that a privilege log is unnecessary because all communications between Plaintiffs' counsel and the Scobees would implicate attorney-client privilege. (ECF No. 133 at 2).

In response, USAA contends that the subpoenas seek relevant and discoverable information regarding the Scobees' settlement position and their claim that USAA unreasonably failed to settle this action.  (ECF No. 131 at 3-4). USAA claims that it should be allowed discover documents related to the Scobees' willingness to settle this action for the policy limits during the course of the underlying litigation. (ECF No. 131 at 4). In that regard, USAA maintains that it has narrowly tailored its subpoena request and seeks "communications regarding settlement of Plaintiffs' claims against Mr. Norris between the date of the accident and the jury's return of a verdict in their favor." (ECF No. 131 at 5).

USAA also asserts that information related to the Scobees' experts in the underlying litigation, both those who testified and those who did not, are relevant and discoverable. (ECF No. 131 at 5-6). USAA further notes that the Scobees have sought the same information from third parties who testified for the defense in the underlying litigation and whose who did not. (ECF No. 131 at 7 (citing ECF No. 128 at 6)). USAA contends that discovery should be permitted as to the Scobees' version of events, just as discovery has been conducted to support the Norris's position. Finally, USAA argues that the motions to quash are improper because two of the three subpoenas are not challenged in "the court for the district where compliance is required" (Fed. R. Civ. P. 45(d)(3)(A)) and because the Scobees have not described the materials for which they are claiming privilege (Fed. R. Civ. P. 45(d)(3)(A)(iii), (e)(2)(A)). (ECF No. 131 at 8).

The Court agrees that the Motion to Quash (ECF No. 128) is improperly filed in this District as to Edward S. Cook and Cook p.c. Both the subpoenas to Edward S. Cook and Cook p.c. are directed to occur in Atlanta, Georgia. (ECF Nos. 128-1 and 128-2). This Court, therefore, denies the Motion to Quash as to subpoenas to Edward S. Cook and Cook p.c. because they are not challenged in "the court for the district where compliance is required" (Fed. R. Civ. P. 45(d)(3)(A)).

As to the subpoena to the Holland Law Firm, the Court will grant the Motion to Quash. The Eighth Circuit has held that depositions of opposing counsel should be "limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel, *see, e.g., Fireman's Fund Insurance Co. v. Superior Court,* 140 Cal.Rptr. 677, 679, 72 Cal.App.3d 786 (1977); (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."

– 4 –

*Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). The Court finds that USAA's subpoena seeks clearly privileged communications between attorneys and their clients regarding settlement. The Court likewise finds that no privilege log is required for such privileged communications. To the extent that USAA's subpoena seeks non-privileged settlement communications with opposing counsel, the Court holds that such communications are equally available from USAA or its insured. Similarly, the Court holds that communications with third parties can be obtained from those parties. USAA has not demonstrated "no other means exist to obtain the information other than" subpoenaing Plaintiffs' counsel.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Quash (ECF No. 128) is **GRANTED**, in part, and **DENIED**, in part. The Motion to Quash (ECF No. 128) is **DENIED** as to Edward S. Cook and Cook p.c. and **GRANTED** as to Holland Law Firm.

**IT IS FURTHER ORDERED** that the Motion for Hearing (ECF No. 129) is **DENIED**.

Dated this 9th day of April, 2024.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**