UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SCOBEE and LINDA SCOBEE, | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:22-CV-488-JAR |
| USAA CASUALTY INSURANCE COMPANY, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion for Protective Order ("Motion"; ECF No. 135). After granting the Motion for Hearing (ECF No. 137), this Court heard argument on this Motion on April 10, 2024. This matter is now fully briefed and ready for disposition.

**STANDARD OF REVIEW**

Under the federal rules, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). However, "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause,

issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

    (A) forbidding the disclosure or discovery;

    (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

    (C) prescribing a discovery method other than the one selected by the party seeking discovery;

    (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

    (E) designating the persons who may be present while the discovery is conducted;

    (F) requiring that a deposition be sealed and opened only on court order;

    (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

    (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs."

*Id*.

## DISCUSSION

On March 8, 2024, USAA subpoenaed attorney Tom Magee, defense counsel in the underlying litigation, to testify in this action via remote videoconference on March 25, 2024. (ECF No. 136-2).[1] Plaintiffs seek a protective order based upon their belief that Mr. Magee's testimony will be used to manufacture support for USAA's summary judgment motion. (ECF No. 136 at 2-3). The Scobees argue that "[a]s a party," they "have standing to ask for the Court to determine whether limitations on the Magee deposition are appropriate." (ECF No. 143 at 2).

---

[1] From the record, it appears that the Scobees also subpoenaed Mr. Magee and his firm.(ECF No. 133 at 8-9). In addition, Lauren Norris also turned over several emails exchanged between her and Mr. Magee. *See* ECF No. 133-1 at 7-8.

The Scobees further contend that there should be no limitations on Magee's testimony based upon privilege once USAA has "opened the door by asking Mr. Magee about privileged information". *Id*.

The Court denies Plaintiffs' Motion for Protective Order because the Scobees do not have standing to obtain a protective order regarding a subpoena directed at a third party, Mr. Magee. "In general, '[a] motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.'" *Mayhall v. Berman & Rabin, P.A.*, No. 4:13CV00175 AGF, 2013 WL 4496279, at *3 (E.D. Mo. Aug. 21, 2013) (citing *Smith v. Midland Brake, Inc.,* 162 F.R.D. 683, 685 (D. Kan. 1995); (quoting *Mawhiney v. Warren Distrib., Inc.,* No. 8:05cv466, 2007 WL 433349, at *1 (D. Neb., Feb. 7, 2007), *aff'd,* 283 Fed. Appx. 424, No. 07–2753 (8th Cir. Jul. 10, 2008); *see also Minnesota Sch. Bds Ass'n Ins. Trust v. Emp'rs Ins. Co. of Wausau,* 183 F.R.D. 627, 629 (N.D. Ill. 1999)). The Scobees have not demonstrated that they have a personal right or privilege that would be affected by Mr. Magee's deposition. At most, the Scobees identify the issue of attorney-client privilege, but that privilege clearly is not personal to them.

The Court further denies the Motion for Protective Order because it will not rule prospectively on any privilege issues that may arise during Mr. Magee's deposition. *See Ozark Soc'y v. Melcher*, 248 F. Supp. 2d 810, 818 (E.D. Ark. 2003) ("federal courts will not give advisory opinions"). Although the Court cautions USAA that its lines of inquiry to Mr. Magee could potentially "'open[] the door' by presenting evidence of its litigation conduct," the Court will not issue a prospective ruling or speculate regarding testimony that has not occurred. *Hamilton Mut. Ins. Co. of Cincinnati v. Buttery*, 220 S.W.3d 287, 295 (Ky. Ct. App. 2007).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' the Motion for Protective Order (ECF No. 135) is **DENIED**.

**IT IS HEREBY ORDERED** that the Court grants the parties' oral motion to extend the deadline for filing *Daubert* motions and motions for summary judgment.  Any motions for summary judgment (or any supplements thereto) and motions under *Daubert* must be filed by **April 26, 2024**. The time limits of Local Rules 4.01(B) and (C) apply to *Daubert* motions. For summary judgment motions, opposition briefs shall be filed by **May 27, 2024**, or within 30 days of the filing of the motion, whichever is earlier; and any reply brief may be filed by **June 10, 2024**, or within 14 days of the filing of the opposition, whichever is earlier.

Dated this 10th day of April, 2024.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**